UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

DEDRA CARRASCO, an individual,

    Plaintiff,

v.                                                                         Case No.  8:04-cv-1964-T-24 EAJ

SILVER, her engines, tackle, etc., in rem,
ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Partial Summary Judgment as to the liability of Defendant Bruce A. Ray (Doc. No. 30) and Plaintiff's Motion for Payment of Substitute Custodial Fees (Doc. No. 31).  Defendant Bruce Ray has not responded to these motions, and therefore, the Court considers these motions to be unopposed.

**I.  Motion for Partial Summary Judgment**

Plaintiff alleges the following in her verified complaint (Doc. No. 1): Plaintiff was a passenger on the vessel SILVER on May 29, 2004.  Defendant Redeco, Inc. was the owner of the vessel SILVER, and Defendant Bruce Ray was the operator of the vessel SILVER on May 29, 2004.  On that day, Defendant Ray negligently operated the vessel SILVER, causing injuries to Plaintiff when she was thrown from her seat to another part of the vessel after the vessel was caused to run aground.  As a result, Plaintiff asserts a negligence claim against Defendant Ray.

Plaintiff filed the instant motion for partial summary judgment as to the liability of Defendant Ray.  Since Defendant Ray has not responded to this motion to put forth any evidence

disputing these facts, the Court finds that there are no genuine issues of material fact that would preclude summary judgment on the issue of Defendant Ray's liability.

## II. Custodian's Fees

Plaintiff also seeks an order from the Court allowing payment of the substitute custodial fees incurred during the pendency of the arrest of the vessel SILVER. Plaintiff has attached copies of the invoices for which she seeks payment, totaling $7,248.09. NOA Marine, Inc. was appointed substitute custodian of the vessel SILVER on August 27, 2004 (Doc. No. 8). The Court confirmed the sale of the vessel on April 13, 2005 (Doc. No. 29). As such, Plaintiff seeks an order from the Court allowing payment of the substitute custodial fees incurred through April 13, 2005. The Court finds that the motion should be granted.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Partial Summary Judgment as to the liability of Defendant Bruce A. Ray (Doc. No. 30) is **GRANTED**;

(2) The Court will hold an evidentiary hearing to determine Plaintiff's damages as to all of the defendants on Friday, August 5, 2005 at 8:30 a.m. before the Honorable Susan C. Bucklew in Courtroom 14A of the Sam M. Gibbons U.S. Courthouse, located at 801 North Florida Ave, Tampa, Florida 33602. The Court has set aside one hour for the hearing;

(3) Plaintiff's Motion for Payment of Substitute Custodial Fees (Doc. No. 31) is **GRANTED**; and

(4) The Clerk is directed to disburse $7,248.09 from the Court's registry to NOA

Marine, Inc. for the costs incurred as a result of its Court-ordered custodianship of the vessel.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of June, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record