UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

DEDRA CARRASCO, an individual,

    Plaintiff,

v.                                                          Case No. 8:04-cv-1964-T-24 EAJ

SILVER, her engines, tackle, etc., in rem,
ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment Against M/V SILVER in rem and Redeco Inc. (Doc. No. 36) and to determine damages caused by Bruce Ray (Doc. No. 33 - granting summary judgment as to liability). The Court held a hearing on the issue of damages on August 11, 2005.

Plaintiff was a passenger on the vessel SILVER on May 29, 2004. Defendant Redeco, Inc. was the owner of the vessel SILVER, and Defendant Bruce Ray was the operator of the vessel SILVER on May 29, 2004. On that day, Defendant Ray negligently operated the vessel SILVER, causing injuries to Plaintiff when she was thrown from her seat to another part of the vessel after the vessel was caused to run aground. As a result, Plaintiff asserts three claims: (1) in rem claim against the vessel SILVER, (2) negligence against Defendant Ray, and (3) negligence against Redeco, Inc. The Clerk entered default against Defendants SILVER and Redeco Inc. (Doc. No. 21, 25), and the Court granted summary judgment as to Bruce Ray's

liability (Doc. No. 33).[1]

At the hearing, Plaintiff testified that she sustained severe injuries due to the incident, including that she broke her neck in several places, she sustained a concussion, she broke her lower back and shoulder, and she injured her S-I joint. She stated that she has constant pain in her right hip, neck, and back, and she has numbness in her lower right leg. She also stated that she has to use a catheter to urinate and cannot move her bowels voluntarily. As a result of the incident, she uses a cane to walk, and she cannot walk long distances. She is being treated for depression and memory loss. She also has a condition that causes her to pass out, because her brain does not properly communicate with her heart at times.

Prior to the incident, Plaintiff was a nursing administrator making over $100,000 per year. She is no longer able to work, and has not worked since the incident. Additionally, she can no longer care for her two younger sons, who now must live full-time with their father (Plaintiff's ex-husband). She no longer lives on her own, as she had to move in with her older son, and she can no longer drive. The incident has caused her to lose her independence.

The Court has reviewed the exhibits admitted into evidence and the testimony of the Plaintiff, and the Court has determined Plaintiff has incurred $3,273,224.41 of damages, calculated as follows:

- Past medical bills: $96,266.50

- Medical insurance premiums paid as a result of losing employment: $4,487.60

- Prescription co-pays paid by Plaintiff: $1,238.71

---

[1] Bruce Ray has stopped participating in this case since March 14, 2005. Prior to that date, Bruce Ray changed addresses without informing the Court or Plaintiff's counsel of his new address.

- Mileage incurred in seeking medical care (18,056 miles[2] @ $0.32 per mile): $5,777.92

- Home nursing care: $ 9,600.00

- Lost wages in the past May 25, 2004 through August 11, 2005 ($8,477.60 per month times 14.3 months): $121,229.68

- Future wage loss and loss of earning capacity (Plaintiff's current age of 45 until she reaches 65 years old) 20 years @ $101,731.12 per year: $2,034,624.00

- Pain and suffering, mental anguish, loss of the capacity for the enjoyment of life and disability (in the past and in the future): $1,000,000.00

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Default Judgment Against M/V SILVER in rem and Redeco Inc. (Doc. No. 36) is **GRANTED**;

(2) The Clerk is directed to enter judgment in favor of Plaintiff, Dedra Carrasco, on all of her claims, against Defendants SILVER in rem, Redeco Inc. and Bruce A. Ray, jointly and severally, in the sum of $3,273,224.41, plus post-judgment interest at the legal rate therein, for which let execution issue.

(3) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of August, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

---

[2] Exhibit 4, which lists Plaintiff's mileage, had a calculation error. The milage, as listed on the exhibit, totals 18,056 miles, not 19,056 miles.

Copies to:

Jacob J. Munch, Esquire (Attorney for Plaintiff)
212 S. Magnolia Avenue
Tampa, FL 33606

Dedra Carrasco (Plaintiff)
P. O. Box 2170
Lutz, FL 33548

Bruce A. Ray (Defendant)
7873 Causeway Boulevard N.
St. Petersburg, FL 33710

Redeco, Inc. (Defendant)
445 99th Avenue North
St. Petersburg, FL 33702